MARY CULROSS, Appellant, *v.* ARTHUR J. GIBBONS et al., Respondents.

The rule of *res adjudicata* applies to all judicial determinations, whether made in actions or in summary or special proceedings, or by judicial officers in matters properly submitted for their determination.

An order, therefore, made upon petition authorized by statute, is conclusive as between the parties before the court, and can only be reviewed upon appeal.

In an action to have a trust canceled and to compel defendant G., the trustee, to reconvey the trust estate to plaintiff from whom he received the conveyance, it appeared that pursuant to a petition presented by G., all the parties to the action the persons interested in the trust estate consenting, an order was granted declaring the allegations in the petition to be true, settling the accounts of G. as trustee, removing and relieving him from the trust, and directing that he should not further interfere with the trust estate. In said petition G. set forth the original declaration of trust and the fact that he had purchased certain real estate, taking title in his own name, paying part of the consideration from the surplus income of the trust estate and securing the remainder by mortgages on the property, and that on the same day he executed an instrument purporting to enlarge the trust so as to include such property, which instrument was also executed by plaintiff and those interested in the trust. The original declaration of trust provided for the collection of the rents and profits of the real estate and the application of the net proceeds for the maintenance of plaintiff during her life, after her death to that of her husband during his life, and after the deaths of both to divide the property or its avails among her children, with power in the trustee to mortgage or dispose of the property, if it should appear to be for the benefit of the trust. *Held*, that the trust first mentioned being valid, it was immaterial whether the others were valid as trusts or as powers in trust, as they were separable from the valid trust, and this could be upheld without conflicting with the intention of the creator of the trust.

On the same day the order was granted, on application of plaintiff another trustee was appointed of all the real estate, with the powers and duties contained in the last declaration of trust. G. was allowed, in his accounts, the amount so paid by him for the property purchased. *Held*, that the orders so made on the application of G. were conclusive upon the parties; that it necessarily determined the question as to whether G. should retain the title, and also that the property so purchased by him was held in trust, and while the order remained in force an action was not sustainable to procure a different determination as to the questions involved therein.

(Argued December 15, 1891; decided January 20, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made October 1, 1889, which affirmed a judgment entered upon the report of a referee dismissing plaintiff's complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Eugene Van Voorhis* for appellant. If any valid trust was created, it was created by the plaintiff. (3 R. S. 2189, § 75.) The deed from the plaintiff to the defendant Gibbons, and the declaration of trust by the latter should be set aside and canceled, and the said defendant be directed to reconvey the property to the plaintiff. (*Everitt* v. *Everitt*, L. R. [10 Eq.] 405 ; *Wallaston* v. *Tribe*, 9 id. 44 ; *Coutts* v. *Acworth*, 8 id. 558 ; *Prideaux* v. *Lonsdale*, 1 DeG., J. & S. 433 ; *Hall* v. *Hall*, L. R. [14 Eq.] 365 ; L. R. [8 Ch. App.] 430 ; *Forshaw* v. *Wilsby*, 30 Beav. 243 ; *Hugin* v. *Bosely*, L. C. Eq. 406 ; *Coak* v. *Lamont*, 15 Beav. 241 ; *Sharpe* v. *Leake*, 31 id. 491 ; *Philipson* v. *Cary*, 32 id. 628 ; Perry on Trusts, § 104 ; 2 Pom. Eq. Juris. § 986 ; *Conkling* v. *Davies*, 14 Abb. [N. C.] 499 ; *Gibbs* v. *N. Y. L. Ins. Co.*, Id. 1 ; *Billage* v. *Southee*, 9 Hare, 534 ; *Houghtaling* v. *Lloyd*, 21 Civ. Pro. Rep. 56.) Defendant Gibbons has no right to retain the title to this trust estate after he had been discharged as trustee, and a new trustee appointed. (3 R. S. 2182, §§ 58, 59, 60, 75 ; *Farrar* v. *McCue*, 89 N. Y. 144 ; *Delaney* v. *McCormick*, 88 id. 174 ; Lewin on Trusts, 608, 609 ; *Cole* v. *Wade*, 15 Ves. 27 ; *Herrman* v. *Robertson*, 64 N. Y. 342 ; *Hetzel* v. *Barber*, 69 id. 1 ; *Heermans* v. *Burt*, 78 id. 259 ; *Townsend* v. *Frommer*, 125 id. 446 ; *Betts* v. *Betts*, 4 Abb. [N. C.] 317.) The plaintiff is in any case entitled to a deed of the Ambrose street property. This property was not included in the original trust, but was purchased long after in the year 1884, with funds belonging to the plaintiff. (Pom. Eq. Juris. § 997.) The referee erroneously found as a legal conclusion that the plaintiff is precluded from questioning the validity and effect of the trust respecting the Ambrose street property by the

final order discharging Gibbons from his trust. (Freeman on. Judg. § 258; Bigelow on Est. [4th ed.] 153, 669; *Williams* v. *Williams*, 46 Wis. 469; *Ontram* v. *Morewood*, 3 East, 346; *Jackson* v. *Wood*, 3 Wend. 27.)

*George F. Yeoman* for respondents. This court will not: disturb the findings of fact made by the referee. (*Baird* v. *Mayor*, etc., 96 N. Y. 576; *Sherwood* v. *Hauser*, 94 id. 626; *People* v. *Stock Brokers*, 92 id. 98; *Rogers* v. *Smith*, 47 id. 324; *Finch* v. *Finch*, 15 Ves. 50.) The plaintiff is estopped from attacking either trust. The fact of the validity of the trust is *res adjudicata.* (*People* v. *Barnes*, 114 N. Y. 317; Whart. on Ev. [3d ed.] §§ 758, 783; Freeman on Judg. § 325; *In re Livingston*, 34 N. Y. 577; *Onondaga* v. *Briggs*, 2 Den. 33; *Leavitt* v. *Alcott*, 95 N. Y. 212–221, 222; Bigelow on Est. [2d ed.] 17; *Wood* v. *Mather*, 38 Barb. 474.) The trusts are of the character authorized by law. (*Darling* v. *Rogers*, 22 Wend. 483; *Downing* v. *Marshall*, 23 N. Y. 380; *Manice* v. *Manice*, 43 id. 364; *Craig* v. *Craig*, 3 Barb. Ch. 103; *Dominick* v. *Sayer*, 3 Sandf. 555; *Belmont* v. *O'Brien*, 12 N. Y. 394; *McLean* v. *McDonald*, 2 Barb. 534; Willard on Real Estate, 233; Girard on Real Prop. [3d ed.] 252, 253; *Adams* v. *Perry*, 43 N. Y. 487; *In re Livingston*, 34 id.. 555; *Hoxie* v. *Hoxie*, 7 Paige, 187; *Knight* v. *Weatherwax*, Id. 182; *Mott* v. *Ackerman*, 92 N. Y. 539; *Hawley* v. *James*, 5 Paige, 444; *Roosevelt* v. *Roosevelt*, 6 Hun, 31; Willard on Real Prop. 525.) The trusts were properly created. (Pom. Eq. Juris. §§ 996, 1001; Perry on Trusts, §§ 82, 98; Girard on Titles [3d ed.] 255, 328; 1 Perry on Trusts, §§ 104, 109.)

PARKER, J. By this suit in equity, it.was sought to compel the defendant Arthur J. Gibbons, to convey to the plaintiff certain real estate, the legal estate of which was vested in him under the following circumstances:

Prior to the 13th of December, 1876, James R. Culross, the husband of the plaintiff, was the owner of the major portion of such real estate, and by deed of that date, in which his wife joined, he quit-claimed it to Thomas P. O'Kelley, an

attorney at law; O'Kelley quit-claimed the same premises to the plaintiff by deed dated the fourteenth of the same month; the plaintiff, by deed of the same date, quit-claimed such premises to the defendant Arthur J. Gibbons; and Gibbons executed an instrument in writing, bearing date the fifteenth of the same month, in which it was declared that he held said premises upon certain trusts therein expressed.

These several instruments were drafted by O'Kelley; subscribed at his office; acknowledged on the 15th day of December, 1876; and recorded in the proper county clerk's office at the same minute of time. At the time of the execution of these instruments, James R. Culross had a family, consisting of his wife and several children, among whom was his daughter Minnie, then as now the wife of the defendant Gibbons.

Culross had become so irregular in his habits as to excite apprehension in the minds of several of the members of his family that he might squander his property, which was then of the value of about $40,000. These apprehensions were made known to Mr. Culross, to whom a wish was also expressed, that he make some disposition of his property to the end that it might be saved from waste. He readily acquiesced in the suggestion, and the result was the execution of the instruments already referred to.

In the declaration executed by Gibbons it was declared that he held the premises in trust, the terms of which may be briefly stated, as follows . (1) To collect the rents and profits of the real estate, and after payment of taxes, insurance and other liens, apply the balance to the support and maintenance of the plaintiff during her life. (2) In the event of her death before that of her husband, to apply such balance for his benefit during life. (3) After their deaths, and after paying all liens, and incumbrances on the property to divide the premises or the avails thereof within eighteen months, equally between their children; the descendants of any deceased child to take his or her share. (4) Reserving to the trustee power to mortgage or otherwise dispose of the premises for the benefit of the trust.

Immediately after the execution of the instrument drawn by O'Kelley, Gibbons took charge of the real estate and cared for the financial affairs of the business in which Mr. Culross was engaged.

September 1, 1884, Gibbons purchased certain real estate on Ambrose street, in the city of Rochester, paying a part of the consideration from the surplus income and executing mortgages upon such property for the remainder. The title he took in his own name, and on the same day executed an instrument in writing purporting to enlarge the trust created December 15, 1876, so as to bring such property within it, and this instrument was also executed by the plaintiff, and each of her children, except David J. Culross. Thereafter Gibbons managed the Ambrose street property, as he did the property first conveyed to him.

Subsequently and on the 8th of June, 1887, pursuant to a petition presented by Gibbons, all the parties to this action, and the sons of the plaintiff (who have since assigned their interests to her) consenting, the court made an order declaring the allegations in the petition to be true; settling his accounts as trustee; removing him and relieving him from the trusts, and directing that he should not interfere further with the same, or either of them. On the same day, and on the application of the plaintiff, the court by an order duly made, appointed Alexander B. Crooks "trustee of all the real estate described in said petition, with all the powers and duties contained in a certain declaration of trusts, dated on the 15th day of December, 1876."

It will be observed that as a result of the orders of June eighth, Crooks became trustee in the place of Gibbons, removed, but the legal estate remained in him, and he was enjoined from further interference.

As we have already remarked, the plaintiff seeks to have any trust that may have been created, canceled, and the property restored to her. She assigns in support of her position the following grounds: (1) That the deed from her to Gibbons was fraudulently procured. (2) If it be otherwise determined,

then that the trusts sought to be created are invalid. (3) If valid, then the trusts having been created by the plaintiff, and being voluntary, may be revoked because the grantor did not understand that she was putting the property beyond her control.

Her contention, with reference to the Ambrose street property purchased subsequently, rests on somewhat different grounds, and will be considered later.

As to the first ground, it is sufficient to say that the learned referee found as a fact that the plaintiff acted understandingly and freely, and that no fraud, deception, undue influence or abuse of confidence was practiced upon her.

As to the second ground it is apparent that an attempt was made to create a trust, providing for the collection of the rents and profits of the real estate, and their application in payment of insurance, taxes and other charges on the property, and to use the remainder in the support and maintenance of the plaintiff during her life, and for the benefit of her husband after her death. (2) To divide the premises or the avails thereof among the issue of plaintiff after her death and that of her husband. (3) To mortgage the property or dispose of it if it should appear to be for the benefit of the trust.

The trust first mentioned is conceded to be valid, and whether the other two attempted trusts, while invalid as trusts may be valid as powers in trust, and employed as aids to the execution of the valid trusts, as contended by one side and denied by the other, need not be considered, for they are so easily separable from the valid trust that it may be upheld without doing injustice to the intention of the creator of the trust.

Indeed it would be in furtherance of the trust maker's general scheme to do so, should the latter two be held illegal, and the court would so decree. (*Underwood* v. *Curtis*, 127 N. Y. 523.)

The third ground is based on the assumption that the plaintiff was the creator of the trusts, and if that assumption could be allowed the appellant would in this court be confronted ·

with the difficulty that the record contains a finding of fact controlling here that the plaintiff acted understandingly.

But the learned referee was of the opinion, and he found the fact to be, that the several instruments by which the transfer of title was effected, including the declaration of trust, were drawn pursuant to the direction of James R. Culross, and were intended by the several parties thereto as one transaction, for the purpose of transferring the title from Culross to Gibbons in trust, O'Kelley and the plaintiff being mere instruments of conveyance. The reasoning of the learned referee in support of the conclusion reached, is satisfactory, and so fully presented in his opinion as to render further discussion on that point wholly unnecessary.

There is yet another ground which requires an affirmance of the judgment dismissing the complaint, and it is alike applicable to the original transaction, and to the matter of the Ambrose street premises, which the plaintiff contends was purchased with the income belonging to her, and, therefore, equitably her property.

By statute, it is provided that, "upon the petition of any trustee, the Court of Chancery may accept his resignation and discharge him from the trust, under such regulations as shall be established by the court for that purpose, and upon such terms as the rights and interests of the persons interested in the execution of the trust may require." (Birdseye's Statutes, vol. 3, page 3180, § 25.)

An order made upon petition authorized by statute, is conclusive as to the parties before the court, and can only be reviewed upon appeal. (*In re Livingston's Petition*, 34 N. Y. 555.)

Under this statute, the court had power to pass the accounts of the trustee, and to impose such terms as the interests of the parties required, as a condition of relieving the trustee from a further execution of the trust.

Necessarily, it could have required him to convey the real estate to the newly-appointed trustee, if it was deemed for the best interest of the parties that it should be done.

It is a well-established rule that where a matter has been submitted to an authorized judicial tribunal, its decision thereon is final between the parties, until it has been reversed, set aside or vacated; and the rule of *res adjudicata* applies to all judicial determinations, whether made in actions, or in summary or special proceedings, or by judicial officers in matters properly submitted for their determination. (*People ex rel.* v. *Barnes,* 114 N. Y. 317; *Leavitt* v. *Wolcott,* 95 id. 212; *Peopel ex rel.* v. *Hall,* 80 id. 117; *Demarest* v. *Darg,* 32 id. 281; *Sibley* v. *Waffle,* 16 id. 180; *Supervisors* v. *Briggs,* 2 Denio, 33.)

Gibbons, in his petition to the court, praying that his accounts be settled and adjusted, and he be relieved from the further execution of the trust, alleged the original declaration of trust, and its provisions; the subsequent purchase of the Ambrose street property, and its terms; the enlargement of the original trust so as to include that property, and an account of his receipts and disbursements as such trustee.

Every person interested in the estate, including the plaintiff, were made parties to that proceeding. They all appeared and consented to the order made, which determined the allegations in the petition to be true; passed the accounts of the trustee as stated by him; relieved him from the trusts and each of them, and directed him "not to interfere further with the same or either of them." The order thus made was necessarily a determination that Gibbons held the Ambrose street property, as well as the other real estate, in trust, and he was allowed in his accounts what he had paid for it, out of the income of the property.

On the making of this order, the occasion was properly presented for determining whether Gibbons should retain title to the real estate, or convey it to his successor, who was appointed on the same day. And the provision directing Gibbons "not to interfere further with said trust," indicates that it was a subject of consideration, otherwise such direction was without a purpose.

If that question was not raised or passed on, the proper

practice was to present a petition to the court, as in that proceeding, for a modification of the order. But, while the order stands unreversed, actions cannot be brought by the several parties interested, to procure determinations to which they may deem themselves entitled, as to matters which should have been, and may have been, passed upon.

The judgment should be affirmed.

All concur.

Judgment affirmed.