## Kinike's Estate.    Lancaster Trust Company's Appeal.

155   101
162   582

155      101
218      167

*Will—Power— Charitable gift—Discretion.*

A charitable bequest is valid, no matter how vague, indefinite and uncertain the objects, provided there is a discretionary power vested in some one over its application to those objects.

A gift of the residue of testator's estate to his executors " to distribute the same among such charitable institutions, and in such proportions as they in their discretion deem proper," is valid.

Submitted Jan. 18, 1893.   Appeal, No. 448, Jan. T., 1893, by the Lancaster Trust Co., guardian of Theresa Weikel, minor child and heir of Theresa Christina Kinike, deceased, from decree of O. C. Philadelphia Co., April T., 1890, No. 404, dismissing exceptions to adjudication.   Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ.

Exceptions to adjudication of executor's account.

The auditing judge, HANNA, P. J., awarded the residue of the estate to three charitable institutions designated by the executor.   Exceptions to the adjudication were dismissed in the following opinion by ASHMAN, J.:

" The residuary clause in the will of the testatrix read as follows : ' As to all the rest, residue and remainder of my estate, of whatever kind and wheresoever situate, I direct my said executors, hereinafter named, to distribute the same among such charitable institutions, and in such proportions as they in their discretion deem proper.'   The executors named three charities in the city of Philadelphia, to which they awarded, in given proportions, the whole of the residue.   The exceptions raise the question of the validity of this delegation of power by the testatrix.

" The question is attended with no difficulty.   So long as the gift is to a charitable use, the discretion reposed in the trustee may be coextensive with the disposing power of the donor himself.   This is subject to the qualification that the discretion must be restricted to a purpose which is charitable in the technical meaning of the word ; if it can by any possibility be exercised outside of the limits of that definition, it is

invalid. A gift to a trustee, to be applied by him to such benevolent purposes as he may see fit, would seem to offend against this rule, because many purposes may be benevolent without being in the legal sense charitable. As a matter of pure benevolence the trustee may use the fund to pay the debts of a poor relation as readily as to found a hospital; and any gift which would permit this latitude of disposal might justly be held void for uncertainty. In Morice v. Bishop of Durham, 9 Ves. 399, the bequest was for such objects of benevolence and liberality as the trustee in his discretion should most approve, and it is held that it could not be supported as a charitable legacy. GIBSON, C. J., however, in commenting upon that case, declared that such a gift would probably be upheld in Pennsylvania: Witman v. Lex, 17 S. & R. 88; his position being that the English case was determined under the statute, 43 Eliz., ch. 4, which is not in force here. So the statute is not in force in Connecticut; yet, in Adye v. Smith, 44 Conn. 60, a residuary gift to a trustee ' to dispose of such remainder for any and all benevolent purposes that he may see fit ' was held to be void. Be this as it may, the present gift is not within the exception; it expressly restrains the volition of the trustee to charitable institutions. The cases show that gifts accompanied with similar powers of selection have scarcely been questioned. In Waldo v. Caley, 16 Ves. 206, the tenant for life was directed to apply a moiety of the income in promoting charitable purposes, as well of a public as a private nature, as the trustee should judge most worthy and deserving; and the lord chancellor decided that the discretion in the trustee was so absolute, that the case was not one in which a scheme of distribution could be laid before a master. In Chapman v. Brown, 6 Ves. 404, the master of the rolls said that ' standing by itself, a bequest of a residue to be employed in such charitable purposes as the executors should think proper, is a good bequest.' In that instance the gift was held invalid because it was of part only of a residue, and it was impossible to ascertain what part would be applicable. The decisions are summed up in the rule which was thus expressed by STRONG, J., in Missionary Society's Ap., 30 Pa. 435 : ' In the case of a will making a charitable bequest, it is immaterial how vague, indefinite and uncertain the objects of the testator's

bounty may be, provided there is a discretionary power vested in some one over its application to those objects.'   The exceptions are dismissed."

*Error assigned*, was (4) decree above, quoting it.

*J. Hay Brown*, *W. U. Hensel*, *Henry P. Brown* and *John K. Valentine* with him, for appellants.—It has never yet been decided in Pennsylvania, that, where there was a trust, a testator could appoint some one to decide the objects which should be the recipients of his bounty without some designation by him as to what those objects should be.

*Charles H. Sayre*, *George Sergeant* with him, for appellee, cited: Zeisweiss v. James, 63 Pa. 465; McLain v. School Directors, 51 Pa. 196; Mann v. Mullin, 84 Pa. 297; Frazier v. Church, 147 Pa. 256; Miller v. Teachout, 24 Ohio, 525; Missionary Society's Ap., 30 Pa. 435; Dunn's Est., 10 W. N. 313; Beck's Ap., 116 Pa. 550; Witman v. Lex, 17 S. & R. 90; Beaver v. Filson, 8 Pa. 327; Pickering v. Shotwell, 10 Pa. 23; Jones v. Renshaw, 130 Pa. 327; 2 Redf., Will, *541–2; 1 Jarm., Wills, 407, note; Hill, Trustees, *452, and cases cited; Bisph. Eq. § 119.

PER CURIAM, January 30, 1893:

We affirm this decree upon the opinion of the learned judge of the orphans' court on the exceptions.

The decree is affirmed, and the appeal dismissed at the costs of the appellant.