---

(33 Misc. Rep. 316.)

### DE BIASE v. HARTFIELD et al.

(Supreme Court, Special Term, New York County. December, 1900.)

MORTGAGES—FORECLOSURE PROCEEDINGS—MOTION TO SET ASIDE DEFAULT—JUDGMENT—RES ADJUDICATA.

    Where a default decree is taken in a suit to foreclose a mortgage, and the mortgagor afterwards moves to set the proceedings aside on the ground that the mortgage is a forgery, and that she was not served with the summons, and the motion is denied after a full hearing, and the denial is affirmed on appeal, it is conclusive in a subsequent suit to cancel such mortgage on the ground of the forgery.

Action by Vincenza De Biase against Henry Hartfield and another to cancel a mortgage. Complaint dismissed.

Thomas J. O'Neill, for plaintiff.
Abraham Nelson, for defendants.

RUSSELL, J. The plaintiff by this action seeks to cancel a mortgage for $3,000, bearing date July 20, 1895, recorded in New York county August 20, 1895, payable the 1st day of November, 1895, to Henry Hartfield, on the ground that her name was forged to the mortgage, and the certificate of acknowledgment is false. At the threshold of the trial she is met with an objection to the investigation of the facts, which counsel for both parties agree shall be disposed of in limine, as, if the objection be held to be conclusive, a large amount of testimony, upon the issue raised as to whether the mortgage is the act of the plaintiff, will be unnecessary. That objection is founded upon the force of a judgment of foreclosure of the mortgage complained of, a motion by this plaintiff to set aside that judgment, and the order of the court denying her motion. The plaintiff alleges in the complaint here the foreclosure proceedings, a deed given thereunder to the defendant Hartfield, and the conveyance by him to the defendant Cuiffi. The record, which was given in evidence, shows an action begun on the 24th day of December, 1895, by the service of a summons on the plaintiff here, who was the sole defendant in that action, and the usual proceedings upon default, order of reference, and judgment of foreclosure and sale, which was entered on the 17th day of June, 1897. In 1899 the plaintiff in this action procured in the foreclosure action an order to show cause why the foreclosure proceeding should not be set aside on the ground that the affidavit of service of the summons and complaint was false,—that no summons had been served upon her,—

or, in the alternative, that she be permitted to have the default opened and answer over, to plead her defense that she never signed the mortgage sought to be foreclosed. Her appearance in the foreclosure action for the purposes indicated was general, and affidavits of the parties and other persons were presented upon the hearing of the motion, with the result that, after a full consideration of the evidence furnished by both parties, the court denied the motion in all respects. From that order an appeal was taken to the appellate division, which dismissed the appeal, with costs.

It was thus determined by this court in a proceeding in the foreclosure action, with both parties to that action represented, after a fair investigation, that the summons was properly served upon this plaintiff, that the court acquired jurisdiction to enter the judgment in foreclosure, that any proceedings thereunder were properly had, and that this plaintiff furnished no reason to the court, in view of the condition of the case, to justify opening a default and allowing her to defend. This order, if effective for all purposes, fully disposed of any claim on her part that she had a defense to the mortgage,—either that she did not execute that mortgage, or for any other reason. It fully established the validity of the judgment, with all of its incidental consequences. What reason, therefore, is there for a court of equity to entertain a subsequent action to try the same question over, which this court has once, in a final order in the action brought upon the very instrument now attacked, disposed of upon a full and sufficient consideration of all the rights of this plaintiff? It would tend greatly to disquiet titles if a record of a judgment of foreclosure and sale, unqualifiedly confirmed by a final order upon an application to set it aside, with a general appearance of the defendant upon that application, might be brushed aside and declared ineffective for any purpose at any time within 10 years, no matter how many transfers had been made in the interim; and this is the result which the plaintiff claims may be had by the maintenance of the present action, for, if her plea that she can now show want of jurisdiction to foreclose the mortgage and her nonexecution of the mortgage itself was valid, she could carry her right to maintain this action in suspense as against even bona fide purchasers during the period of limitation, because the plea of a want of jurisdiction, if well founded, is valid and effective to show that all of the proceedings based upon the action and judgment attacked were of no force whatever, and no title could pass to any one under the operation of such a judgment. It is true that many orders made upon motions become res adjudicata only to prevent another motion without leave to renew, but such motions are usually those which affect the conduct of the action, and are not determinative of final rights. It is otherwise where the question of absolute right is disposed of upon application of the party seeking to assert her claim later on, and a hearing had after an investigation upon the merits should determine for all future purposes the same question litigated between the same parties, to prevent unnecessary litigation, and to lead to a security of title, upon which all those interested in the future may rely. So it has been held by the court of

appeals that an order determining a motion to cancel a judgment entered upon confession is conclusive between the parties in a future action brought for the purpose of having the judgment declared to stand as security. Dwight v. St. John, 25 N. Y. 203. The decision of a motion subject to review is regarded as a final adjudication, and is res adjudicata between the parties in other actions. Aldridge v. Walker, 73 Hun, 281, 26 N. Y. Supp. 296. The determination by order granted upon a motion is a judicial adjudication, which can only be reviewed upon appeal, and cannot be attacked in another action. Culross v. Gibbons, 130 N. Y. 447; 29 N. E. 839.

The case at bar presents clearly the reasons why such a rule should obtain. In the foreclosure action this court had proceeded to judgment of foreclosure and sale upon the faith of a supposed proper service of the summons. It was then called upon, by application of the defendant in that action, to consider and determine the question of its own jurisdiction, with that defendant then voluntarily coming into the jurisdiction of the court, and did upon such application adjudicate the question of fact presented, and determined the status of that foreclosure action by final order. There is no reason why that determination should be collaterally attacked by any person who was a party to the proceeding in which this court arrived at its decision. The plaintiff in that action would have been bound for all purposes by the decision, and it is of equal force against the other party. In view of the ruling of the court, the plaintiff having no further testimony to offer, the motion of the defendants that the complaint be dismissed, with costs, is granted.

Complaint dismissed, with costs.