(60 Misc. Rep. 567.)

### GUITERMAN et al. v. COUTANT et al.

(City Court of New York, Trial Term.    October, 1908.)

JUDGMENT (§ 552*)—RES JUDICATA.

On an application by a judgment debtor, under Code Civ. Proc. § 1268, to secure cancellation of a judgment on the ground of discharge in bankruptcy, an adverse judgment is a bar to the plea of release in bankruptcy in an action on the judgment.

[Ed. Note.—For other cases, see Judgment, Dec. Dig. § 552.*]

Action by Benjamin Guiterman and others against Charles A. Coutant and others. Action on judgment. Judgment for defendant.

David J Gladstone, for plaintiffs.

Walter S. McGregor, for defendants.

McAVOY, J.    Action upon a judgment recovered in this court, which judgment was founded upon another judgment rendered in the superior court of Illinois, Cook county    Defense that the judgment rendered in this court was discharged because of defendant's release therefrom in proceedings in bankruptcy had in this district.    The plaintiff seeks to avoid this defense by showing that heretofore in this court defendants made an application to the Special Term hereof, on due notice under Code Civ. Proc. § 1268, to procure the cancellation by order of this judgment now sued upon.    The application was opposed, and the court denied it, and upon appeal such determination was affirmed.

It is the plaintiff's contention that this determination made in the proceeding to cancel the judgment by order is an effectual bar to a plea of discharge as a defense, claiming that, even though the adjudication upon the application at Special Term was by order, nevertheless it has determined this question past the power of reinvestigation of its merits here or elsewhere, so far as that which was decided or could have been litigated for decision therein is concerned.    I agree with this contention.    Unless, indeed, the proceeding by motion upon notice is to be ineffectual when an order determining it is made, this is the only conclusion which could be reached under the doctrine of res adjudicata.    The court's view is sustained in the case of Culross v. Gibbons, 130 N. Y. 447, 29 N. E. 839, holding that:

"It is a well-established rule that, where a matter has been submitted to an authorized judicial tribunal, its decision thereon is final between the parties, until it has been reversed, set aside, or vacated; and the rule of res adjudicata applies to all judicial determinations, whether made in actions, or in summary or special proceedings, or by judicial officers in matters properly submitted for their determination."

The verdict will stand.    Motion to set it aside is denied.

Motion denied.