EDWARD ALBERT RIDLEY, Respondent, *v.* WILLIAM SUDBRINK and THE EBLING BREWING COMPANY, Appellants.

(Supreme Court, Appellate Term, First Department, November, 1918.)

Summary proceedings — landlord and tenant — when liquidated damages recoverable.

Where there is no surviving covenant on the part of a tenant to pay rent or to compensate the landlord for loss of rent after a warrant to dispossess has been served, a provision of the lease for liquidated damages in case the tenant be removed from the premises and they become vacant may properly be regarded as such, and is not necessarily to be treated as a penalty.

Where in an action for three months' rent concededly due, and to recover the sum of money stipulated as liquidated damages in case the tenant be removed from the premises and they become vacant, brought after a final order in summary proceedings dispossessing defendants for nonpayment of the rent for the three months preceding had been granted, a recovery in favor of plaintiff will be sustained.

Where in the summary proceedings the question whether the precept had been served upon one of the defendants had been twice raised by it and decided adversely to its contention, in the present action such determination was equivalent to a former adjudication.

An objection, that a recovery herein has been granted against the defendants jointly on causes of action on which they are respectively liable in different senses, not having been taken until the trial, is waived.

APPEAL by defendants from a judgment of the Municipal Court of the city of New York, borough of The Bronx, second district, in favor of plaintiff, after a trial by a judge without a jury.

Eugene Cohn, for appellants.

Scott, Gerard & Bowers (George A. Lewis, of counsel), for respondent.

BIJUR, J. Only questions of law are raised on this appeal. Plaintiff as landlord has sued defendants for three months' rent concededly due, and for certain other items which were practically uncontested, and for $600 as liquidated damages stipulated in the lease between the parties, for all of which judgment was rendered in favor of plaintiff. It is to the latter item that the appeal is directed.

On October 8, 1917, a final order in summary proceedings was issued at the instance of the landlord dispossessing defendants. This was granted for nonpayment of the rent for the three months preceding.

The paragraphs of the lease which provide for the liquidated damages are as follows:

Paragraph 8: "If the said premises or any part thereof shall become vacant during the said term, the landlord or its representatives may re-enter the same, either by force or otherwise, without being liable to prosecution therefor, and this lease shall cease and come to an end and the tenant shall pay to the landlord the sum of $600 as hereinafter provided."

Paragraph 19: "It is further expressly covenanted and agreed by and between the parties to this lease, that should a warrant in summary proceedings brought by the landlord against the tenant for non-payment of rent or for any other reason, be signed, or should the said tenant remove from the said demised premises and the said demised premises become vacant, that then and in that event the said tenant shall pay to the landlord the sum of Six Hundred ($600) Dollars, the said sum of Six Hundred ($600) Dollars being so fixed as liquidated damages by agreement to the parties hereto, owing among other matters to the fact that the said landlord in constructing the building wherein are situate the demised premises, laid out and built the store according to the direction of the said tenant, and was put to additional cost and expense thereby, which said cost and expense has been figured at the said sum of Six Hundred ($600) Dollars by the parties hereto, and that upon the payment of the said Six Hundred ($600) Dollars, in the event that the said tenant shall be so dispossessed or a warrant in summary proceedings brought by the landlord against the tenant for non-payment of rent or for any other reason, signed, (sic) or should the said tenant remove from the said demised premises and said demised premises become vacant, the said landlord shall have no further claim or claims of any kind or nature

against the said tenant, excepting the damage done to the said demised premises or any part thereof."

No other clauses of the lease are referred to or involved in this matter.

Appellants' counsel urges with much learning that the provision for liquidated damages must be construed as one for a penalty, also that the landlord having recovered for the rent and other items unpaid prior to the dispossess, has suffered no further damages, and that a recovery to the extent of $600 " liquidated damages " is therefore unwarranted.

We have had occasion to discuss the question whether the provision of a lease shall be read as establishing liquidated damages or a mere penalty and have reviewed the authorities in a recent decision of this court. *Fleisher* v. *Friob,* 97 Misc. Rep. 343; affd., without opinion, 177 App. Div. 921. We there referred to the point now raised by the appellants, namely, whether in a case where there is no surviving covenant of the tenant to pay rent or to compensate the landlord for loss of rent after the warrant of dispossess has been served, a provision for liquidated damages may properly be regarded as such or must necessarily be treated as a penalty. In that opinion we cited at page 357 a number of cases in which there was a strong intimation to the effect that a provision for liquidated damages as such might well be supported as a compensatory provision on the theory that in any event the landlord had suffered what might be called a " loss of his bargain," namely, the advantage which might move to him had the lease continued until its end undisturbed by reason of any default of the tenant. To these citations may be added *Feyer* v. *Reiss,* 154 App. Div. 272, 274, 275.

The correct interpretation of a provision for liquidated damages must necessarily depend upon the ascer-

tainment of the true intent of the parties to the contract. It is so common for parties to an agreement to provide that a certain sum shall be regarded as liquidated damages where it was really intended that it should be treated as a penalty, that lawyers as a whole have, no doubt, fallen into the habit of regarding such stipulations as *prima facie* provisions for a penalty. On principle, however, the contrary should be our attitude. It is perfectly competent for parties to a contract to suit themselves as to any matter, provided the agreement be not unlawful. It is only where the convention, by reason of its manifest oppressiveness or other infirmity, gives evidence that it was not intended to mean what the parties said, that the courts will disregard the mere words and give effect to the true intent. Such is the significance of the leading cases on this subject. See, for example, *Sun Printing & Publishing Co.* v. *Moore,* 183 U. S. 642, 659 *et seq.,* particularly at 662; *Ward* v. *Hudson River Building Co.,* 125 N. Y. 230, 234, 235; *Curtis* v. *Van Bergh,* 161 id. 47, 51, 52; *Mosler Safe Co.* v. *Maiden Lane S. D. Co.,* 199 id. 479, 485. In the last cited case the Court of Appeals, per Gray, J., said: "Parties to contracts have the right to insert any stipulations that may be agreed to; provided that they be neither unconscionable, nor contrary to public policy." Approached from this angle, I think that the parties in the instant case have clearly indicated an intent to regard the loss of the landlord's bargain as an element of damages. The citation of the expense to which the landlord had been put in constructing the building expressly for the uses of the tenant, and the statement that that expense had been figured by the parties at $600, import an intent that the landlord shall in any event be compensated to that extent for the loss of his bargain. Moreover, it is significant in this connection that the appli-

cation of the liquidated damage clause is limited to the contingency of the termination of the tenancy (for the tenant's default), as distinguished from the common case of a " deposit " to secure the performance by the tenant of various covenants, as in *Fleisher* v. *Friob, supra.* The provision must, therefore, be construed as providing for liquidated damages, and the recovery thereon sustained.

Appellant corporation also complains that it was not permitted to litigate the question whether the precept in the dispossess proceeding had been served upon it or not; but this very question had been twice raised in the dispossess proceeding itself by the defendant corporation and decided adversely to it. The determination in that proceeding was equivalent to a former adjudication. *De Biase* v. *Hartfield,* 33 Misc. Rep. 316; *Dwight* v. *St. John,* 25 N. Y. 203. See, also, *Riggs* v. *Pursell,* 74 N. Y. 370; *Hope* v. *Shevill,* 137 App. Div. 86.

Appellants further object that a recovery has been granted against them jointly in one action on causes of action on which they are respectively liable in different senses, as for example principal and surety. It suffices to say that this objection was not taken until the trial, and was in my opinion thereby waived. See Mun. Ct. Act, § 27, subds. 1, 3; Id. § 15; Code Civ. Pro. §§ 488, 499.

GUY and MULLAN, JJ., concur.

Judgment affirmed, with twenty-five dollars costs.