JOHN PALMIERI, Appellant, *v.* NICHOLA MARTINO, Respondent.

Supreme Court, Appellate Term, First Department, October, 1922.

**Landlord and tenant — deposit as security for performance of lease — failure of tenant to pay rent — resistance to summary proceedings — damages to property by failure to make repairs — when provision that deposit shall belong to landlord as liquidated damages does not limit his damages to the amount of the deposit for breach of tenant's covenant to keep premises in repair.**

A three-year lease provided that the tenant should keep the premises in good repair. It further provided for a deposit of $1,050 as security for his faithful performance of all of the terms of the lease and continued: " It being expressly understood and agreed that if the party of the second part surrenders said premises or is dispossessed therefrom prior to the expiration of this lease, then in that event the said sum of $1,050 shall belong to the party of the first part as liquidated and stipulated damages, and the parties hereto stipulate to treat said deposit as such liquidated damages because they cannot ascertain the exact amount of damage which the party of the first part would sustain in the event of any breach or violation hereunder." The landlord alleging that he had been successful in summary proceedings against the tenant for non-payment of two months' rent amounting to $1,000; that the tenant had permitted the premises to fall into disrepair and had damaged them in divers ways, brought an action to recover the amount of the two months' rent, $250 for legal expenses of the summary proceedings and $750 for damages to the freehold. The trial judge upon the theory that the provision of the lease for liquidated damages met the situation, directed a verdict in favor of plaintiff for $1,050. Upon reversing the judgment with direction for a new trial, *held,* that since, plainly, the provision for liquidated damages was not intended by the parties to compensate for breach of covenant to keep the premises in repair the failure to comply with said covenant was outside of the scope of said provision, and left unimpaired the plaintiff's right to recover damages to the freehold.

APPEAL by the plaintiff from a judgment of the City Court of the city of New York in his favor for $1,050, entered upon a directed verdict.

*Martin Wechsler,* for appellant.

*Frank Pascarella,* for respondent.

BIJUR, J.    Plaintiff had leased to the defendant tenant certain premises for three years from January 4, 1918, at a rental of

$500 per month. The lease provided that the tenant should keep the premises in good repair. It further provided for a deposit of $1,050 by the defendant as security for the faithful performance of all of the terms of the lease, and continued: " It being expressly understood and agreed that if the party of the second part surrĕnders said premises or is dispossessed therefrom prior to the expiration of this lease, then in that event the said sum of $1,050 shall belong to the party of the first part as liquidated and stipulated damages, and the parties hereto stipulate to treat said deposit as such liquidated damages because they cannot ascertain the exact amount of damage which the party of the first part would sustain in the event of any breach or violation hereunder."

For failure to pay the rent of December, 1920, and January, 1921, plaintiff successfully instituted summary proceedings against defendant, whereupon alleging that fact and also that defendant had permitted the premises to fall into disrepair and had damaged them in divers ways, plaintiff brought this suit for $2,000, alleging that $1,000 was due by reason of the non-payment of rent, $250 for the legal expenses of instituting the summary proceedings and $750 for damages to the freehold. On the theory that the provision for liquidated damages covered the situation, the learned judge below gave judgment in plaintiff's favor for $1,050.

The appellant urges on this appeal that upon the authority of *Seidlitz* v. *Auerbach*, 230 N. Y. 167, where the amount stipulated as liquidated damages is provided to cover breach of covenants of different degrees of importance and the loss resulting from the breach of some of them will be clearly disproportionate to the sum sought to be fixed, the sum so fixed will be treated as a penalty. Respondent, in reply, says: " It will be noted that under only one circumstance was this deposit to be treated as liquidated and stipulated damages and that was in the event that the premises became vacant either through the surrendering of the premises by the tenant or by his being dispossessed therefrom prior to the expiration of the lease."

This point as made, however, is quite immaterial. It is not a question of the " circumstance " under which the deposit is to be treated as liquidated damages but the breaches of covenants to compensate which the alleged " liquidated " damage is to be applied. Respondent is, therefore, confronted with the dilemma: either the provision for liquidated damages is to be read as covering all the covenants of the lease, in which event it would have to be treated as a penalty, or else it is limited to the damages for failure to pay rent and the landlord's loss of " bargain," namely, loss by reason of the termination of the lease only (*Ridley* v. *Sudbrink*,

105 Misc. Rep. 52), in which case, however, it is plain that since provision for liquidated damages was not intended by the parties to compensate for breach of covenants to keep in repair, the failure to comply with the latter covenant is outside of the scope of the provision for liquidated damages and leaves the landlord's right to recover for damages to the freehold unimpaired.

Judgment reversed and new trial ordered, with costs to appellant to abide the event.

GUY and MULLAN, JJ., concur.

Judgment reversed.