OPINION. Leech, Judge: Petitioner trust, in computing the income tax of the trust estate for the taxable year 1940, deducted the amount of $30,000 as distributions to the beneficiaries within the meaning of section 162 of the Internal Revenue Code.[1] Respondent disallowed this deduction as not having been “properly paid or credited during such year to any * * * beneficiary.” The propriety of that action is the only issue submitted. To entitle a trust estate to a deduction under the provisions of such section, the trust agreement must either require the trustees to distribute the income currently, or must authorize the trustees to distribute or accumulate the income in their discretion. In the former case, the income is taxable to the beneficiary in the year earned, whether distributed or not; and, in the latter case, the beneficiary is taxable on such part of the income as is actually “properly paid or credited during such year to” him, and the trust estate upon the remainder. (Emphasis supplied.) Cf. Commissioner v. Stearns, 65 Fed. (2d) 371; certiorari denied, 290 U. S. 670; Urquhart v. Commissioner, 125 Fed. (2d) 701; Estate of Austin C. Brant, 44 B. T. A. 1306. We think this trust, as respects the beneficiaries who are minors, does not come within either of the classes, distributions to which are deductible by the trust. The primary beneficiaries of the trust were the children of the settlor. Their benefit was the obviously paramount purpose of the trust. Not only the children of the settlor then in being, but all afterbom children, were to benefit thereunder. At the time of the execution of the trust and during the taxable year in question, all of settlor’s children were minors. Article II (v) directs the trustees to pay over the income to the settlor’s children “now living or hereafter born” in equal shares during the term of their natural lives. But this direction is made subject “to all the provisions hereinafter contained.” Article V of the trust agreement relates exclusively to that period of time when the settlor’s children are minors. It “authorize [s]” and “empower [s]” the trustees to reinvest such portions of the income not needed during their minority, which are to be paid over to them upon reaching the age of 21 years. By the same article, the trustees are “¿uthorize[d] and empower[ed]” to expend such part of the income as they may deem “fit and proper for the maintenance, support and education” of settlor’s children. Article V clearly indicates that it was settlor’s intention that such income as the trustees did not expend for the purposes therein specifically mentioned must be accumulated. True, the term “accumulated” is not mentioned. But it is not essential that directions to accumulate be expressed; they may be implied from the language used. Eberley's Appeal, 110 Pa. 95; 1 Atl. 330; Commissioner v. Estate of Newbold, 158 Fed. (2d) 694. After the children reach their majority, article V of the trust agreement has no further application, since by article II (b) all the income of the trust is to be distributed at least quarterly. Subdivision (k) of article VII provides that “no title in said trust estate hereby created or in the income accruing therefrom or in its accumulation shall vest in any beneficiary prior to its actual distribution thereof by said Trustees to said beneficiary.” (Emphasis supplied.) The only provision in the trust instrument having any bearing on the power to “accumulate” is that contained in article V directing the retention and reinvestment of income during the minority of the beneficiaries. It seems clear that it was the intention of the settlor that the income retained pursuant to article V shall be distributed as corpus when the child shall attain the age of 21. The minor beneficiaries have no control over the income retained unless and until he or she reaches the age of 21 years. In case of his or her death during minority it is to go to the substituted beneficiaries under the various contingent provisions. It would seem certain that it was not the intent of the settlor that the income retained under article V should belong absolutely to the minor beneficiaries, subject to only delayed possession. Furthermore, the agreement contains a spendthrift clause. In article VII (j) it is provided that the beneficiaries “shall not have the right in anticipation to sell or assign said payments or distributions or have the power to dispose thereof by anticipation or otherwise * * Under article III the trust is to continue for thé period of 3 lives in being, the life of any child bom within 9 months, and 21 years thereafter. Since the income only was to be paid to the children, the real objects of the settlor’s bounty, it would appear to be natural and reasonable that settlor protect the interests of her minor children by providing for the accumulation of the income not needed for their maintenance, support, and education, so that in arriving at their majority they would be in better position to undertake the responsibilities of adult life. That, we think, was the intent of the settlor as revealed by the valid provisions of the trust when considered as a whole. See In Re Hirsh's Estate, 334 Pa. 172; 5 Atl. (2d) 160; 54 Am. Jur., § 17 et seq. The provision set out in paragraph VI of the trust is, in our opinion, invalid. It leaves to a majority of the trustees, with the consent of the settlor’s husband, Robert J. Prank, during his lifetime and without his consent after his death,[2] absolute control and discretion over the distribution of the trust fund, including income. It permits them thus to select, without limitation, those who shall take. They may select charities, but are not required so to do. The trust is, therefore, so indefinite and uncertain as to be incapable of enforcement and thus invalid. In re Kinike’s Estate, 155 Pa. 101; 25 Atl. 1016; Beck’s Appeal, 116 Pa. 547 ; 9 Atl. 942; Union Trust Co. of Pittsburgh v. McCaughn, 24 Fed. (2d) 459; Restatement of the Law of Trusts, § 122. And, since the function of this provision is not necessary in effectuating the valid provisions of the agreement and is entirely independent of the paramount purpose of the settlor in creating the trust for the benefit of her children, the invalidity of article VI does not invalidate the trust agreement. Landram v. Jordan, 203 U. S. 56; Culross v. Gibbons, 130 N. Y. 447 ; 29 N. E. 839; Oliver v. Wells, 254 N. Y. 451; 173 N. E. 676; 54 Am. Jur., § 24. If then, it was the duty of the trustees to accumulate the income not needed for maintenance, support, and education of the minor beneficiaries, any attempted distribution for other purposes was unlawful and no proper credit could and did occur. And, of course, no bookkeeping entries could affect that conclusion. It is not the beliefs of the interested parties which control, but the terms of the trust instrument and the lawful acts of the fiduciary under it. Commissioner v. Guitar Trust, 72 Fed. (2d) 544; see 34 B. T. A. 857, on remand. Here the petitioner trust obviously did not “expend” the three items of $10,000 each, giving rise to the present dispute, “for the maintenance, support and education” of the children. These sums, as was required by the trust, were retained by the trustees and invested in loans to the other trust. We attach no significance to the letter of November 1, 1940, signed by the infant beneficiaries and addressed to the trustees. That letter confirms the trustees’ detei’mination that no part of the income for the taxable year was needed for the maintenance, support, and education of the children of the settlor. It merely directed the trustees to reinvest the amount of income allocated to them for that year, which is precisely what the trust instrument required the trustees to do under those circumstances. The conclusion necessarily follows that none of the amount in controversy was “properly paid or credited during * * * [the taxable] year to any * * * beneficiary,” and none of it was, therefore, deductible by the petitioner trust. Respondent is affirmed. Decision will be entered v/nder Rule 50. SEC. 162. NET INCOME. The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an Individual, except that— [[Image here]] (b) There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is to be distributed currently by the fiduciary to the beneficiaries, and the amount of the income collected by a guardian of an infant which is to be held or distributed as the court may direct, but the amount so allowed as a deduction shall be included in computing the net income of the beneficiaries whether distributed to them or not. Any amount allowed as a deduction under this paragraph shall not be allowed as a deduction under subsection (e) of this section in the same or any succeeding taxable year; (c) In the case of Income received by estates of deceased persons during the period of administration or settlement of the estate, and in the case of income which, in the discretion of the fiduciary, may be either distributed to the beneficiary or accumulated, there shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year, which is properly paid or credited during such year to any legatee, heir, or beneficiary, but the amount so allowed as a deduction shall be included in computing the net income of the legatee, heir, or beneficiary. Sec article VII (c) and (d).