# APPEAL OF GOTTLEIB BECK.

## APPEAL FROM THE ORPHANS' COURT OF PHILADELPHIA COUNTY.

Argued March 21, 1887—Decided April 4, 1887.

1. The will of a testator gave to the executor "full and unlimited power and authority to appropriate or dispose" of the residue "to such objects, persons or institutions as in his discretion shall be best and proper," as testator had "full confidence in his judgment, ability and integrity": *Held*, that no trust was created with regard to the residue, and there was a valid disposition to such objects, persons or institutions as the executor might select.
2. An appropriation by the executor to himself, "subject to such further uses as he might thereafter by his last will and testament appoint," was a valid execution of the power.

Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STER-RETT and GREEN, JJ.; CLARK, J., absent.

No. 314 January Term 1885, Sup. Ct.; court below, No. 440 October Term 1878.

Louis D. Beck died in Philadelphia on July 24, 1878, a widower and without issue, leaving a number of nephews and nieces. By his will duly admitted to probate and letters testamentary issued thereon, after giving certain legacies including a bequest to John George Ulmer, "and this not to be construed as being for executor's commissions," he provided as follows:

After the payment of all the foregoing legacies or bequests, and other expenses of carrying out the provisions of this, my will, and settling my estate, considering those to my relatives as being liberal, I do hereby give and grant unto my executor, hereinafter named, full and unlimited power and authority to appropriate or dispose of all the rest, residue and remainder of my estate, real and personal, or the proceeds arising from the sale thereof, to such objects, persons or institutions as in his discretion shall be best and proper, as I have full confidence in his judgment, ability and integrity in the premises.[1]

Ruling of Court below.

*Lastly*, I nominate, constitute and appoint John George Ulmer (hereinbefore named) sole executor of this, my last will and testament, hereby giving and granting unto him as such, and his executors or administrators, full power and authority to sell and dispose of all my estate, both real and personal, either at public or private sale, as to him shall seem best for the interest thereof. Also to make, execute, and deliver all such deeds or other instruments, in writing or otherwise, as may be necessary, in the law, to pass a good title for the same, or otherwise, to any and all purchasers thereof, without any liability whatsoever on the part of such purchasers to see to the application of the purchase or other moneys.

The account of John George Ulmer, the executor, showing, after the payment of debts, legacies and expenses of administration, a balance of $31,060.98 for distribution, came before the Orphans' Court for adjudication.

The heirs at law, among whom was Gottleib Beck, claimed that as to this balance the decedent died intestate; that the residuary paragraph above quoted created a trust which was void for uncertainty of objects, and that said balance was properly distributable to them under the intestate laws.

The auditing judge, CLEMENT B. PENROSE, J., ruled: That the gift was to be sustained as a general power of appointment conferred upon the executor. The will created no trust with regard to the residue, nor was there anything to indicate an intention that the objects selected should be of a charitable character. The power given was "full and unlimited." It was to "appropriate or dispose" of the residue to such persons, objects or institutions as the executor should name. The gifts to the persons, objects or institutions thus selected were direct; and when the selection was made, they would take precisely as if the testator had himself made the selection, and their names had been set forth in the will.[2] "As, however, the distribution of the estate is now to be made, it is necessary that the persons, objects or institutions to be selected by the executor should be named at once. This will be done in the schedule of distribution hereinafter directed." Thereupon a distribution was made of the said balance of $31,060.98, "which balance the executor . . . . . appropriates and disposes of as

follows, to wit: John George Ulmer, $31,060.98 (subject to such further uses as he may hereafter by his last will and testament appoint)." [3]

A decree accordingly having been entered, Gottleib Beck took this appeal, specifying that the court erred:

1. In sustaining the paragraph [1] of the will as a valid disposition of the residue of the estate.

2. In deciding that said paragraph did not create a trust which was void for uncertainty. [2]

3. In not striking down the appointment by the executor to himself, [3] as constructively fraudulent and void in law.

4. In not awarding said residue to the next of kin.

*Mr. Wm. F. Johnson*, for the appellant.

The terms of the paragraph under consideration, in reposing confidence in the judgment, ability and integrity of the executor, continue the trust created in the primary clause of the will, and it is void for uncertainty, and distribution of the residue should be made among the next of kin : Morice v. Bishop of Durham, 9 Ves. 406 ; James v. Allen, 3 Mer. 17 ; Thompson v. Norris, 5 C. E. Green 522 ; Williams v. Kershaw, 5 Cl. & F. 111 ; Vezey v. Jameson, 1 Sim. & St. 71 ; Fowler v. Garlike, 1 Rus. & M. 232.

2. The executor, having been the recipient of a special legacy, is by law excluded from further beneficial interest in the estate, save as by special exception in respect of his commissions ; and his appointment to himself is fraudulent and void, and the property, the subject of appointment, goes as in default of appointment : Langham v. Sandford, 17 Ves. 443 ; Ormanney v. Butcher, 1 Turn. & Rus. 260 ; Thompson v. Norris, 5 C. E. Green, 528 ; Cunynghame v. Thurlow, 1 Rus. & M. 431 ; McQueen v. Farquhar, 11 Ves. 479 ; Aleyn v. Belchier, 1 Eden 132.

*Mr. William H. Staake*, for the appellee.

1. If the power is independent of all trust, it is equivalent to an absolute authority over the property. The test is always this : Does the discretion given include the possibility of the trustees keeping the property ? If so, it is a good devise or bequest of the thing by means of this absolute general power, and is not void as an uncertain trust : Gibbs v. Rumsey, 2

Ves. & B. 294; Morris v. Phaler, 1 W. 389; 1 Sug. Pow. 495; Barford v. Street, 16 Ves. 135; Branson v. Hunters, 2 Hill Ch. 483; Anonymous, Kelynge Ch. 6; Daniels v. Hupley, Latch 9, 134–9; Sug. Pow., ed. 1861, 18; Lewis on Perpetuities, Law. Lib. 483. A devise of an estate generally or indefinitely, with a power of disposition over it, carries a fee: Church v. Disbrow, 52 Penn. St. 219; Culbertson v. Duly, 7 W. & S. 195; Moggridge v. Thackwell, 7 Ves. 86; Fontain v. Ravenal, 17 How. 372.

2. Words in a will expressive of desire, recommendation and confidence are not sufficient to convert a devise or bequest into a trust: Pennock's Est., 20 Penn. St. 268; Jauretche v. Proctor, 48 Idem 466; Church v. Disbrow, 52 Idem 219; Tobin v. Gregg, 34 Idem 446; Bowlby v. Thunder, 105 Idem 173; Beck's App., 46 Idem 532; Hopkins v. Glunt, 111 Idem 287; Burt v. Herron, 66 Idem 400.

The testator having given to his executor full and unlimited power and authority to dispose of the residue to such objects, etc., as his executor should in the exercise of his discretion deem best and proper, the court will not interfere to supervise and control the exercise of this discretion, if exercised in good faith: Ingles' Est., 76 Penn. St. 430; Hill Tr., 486–8, n. 1; Perry Tr., 455; Peterson's Est., 7 W. N. 507; Wilson's App., 1 Idem 321.

PER CURIAM:

We think the clause of the will in question makes a valid disposition of "the rest, residue and remainder" of the estate of the testator. It gives to the executor "full and unlimited power and authority to appropriate or dispose" of it "to such objects, persons or institutions as in his discretion shall be best and proper," as testator has "full confidence in his judgment, ability and integrity." Thus it is shown that the executor has unlimited power to "appropriate" it according to his discretion. As, then, his authority is not restricted to a power of disposal, but at his option he may *appropriate* the same or the proceeds arising from a sale thereof to such persons as he thinks proper, the learned judge arrived at a correct conclusion.

> Decree affirmed, and appeal dismissed at the costs of the appellant.