| 202 | 85 |
| f 21 SC | 654 |
| f 21 SC | 655 |

# Watts's Estate.

*Will—Construction.*

Too close adherence is not to be had to the precise literal meaning of the words of a will, and a construction is to be given which will make it effective rather than destroy it.

*Will—Executors and administrators—Power of appointment in executor.*

Testatrix, after a pecuniary bequest, concluded her will as follows: "I also desire the remainder of my estate to be disposed of in accordance with the judgment and advice of my executor." *Held*, that the executor had power to dispose of the remainder of the estate at his discretion.

Argued Feb. 11, 1902. Appeals, Nos. 249 and 250, Jan. T., 1901, by William Still, William W. Still, Frances E. Still and Dr. Caroline V. Anderson, from decree of O. C. Delaware Co., dismissing exceptions to auditor's report in Estate of Catherine Watts, Deceased. Before MITCHELL, DEAN, FELL, MESTREZAT and POTTER, JJ. Reversed.

Exceptions to report of H. J. Makiver, Esq., auditor.

From the record it appeared that Catherine Watts died on March 29, 1896, widow and without issue, leaving a will which was as follows:

"I, Catherine Watts, clothed in my right mind and desiring to make my last will and testament in order to arrange my temporal affairs before leaving the world, now do in God's name, appoint my uncle and friend Wm. Still, my executor, to see that I am decently buried by the side of my dear husband, and that my doctor expenses with funeral and all other are duly paid. Also I desire that my adopted daughter Beulah shall be continued in school until she is eighteen years of age or longer if required to graduate and for this purpose I give and bequeath one hundred and fifty dollars annually considering this amount will be sufficient to meet all necessary demands for clothing, books and board, trusting that she may by these advantages be educated into habits of economy, thrift and frugality, and at the age of twenty-one years if she proves herself a worthy young woman, I give and bequeath to her one hundred and fifty dollars in cash.

" I also desire the remainder of my estate to be disposed of in accordance with the judgment and advice of my executor Wm. Still."

The account of Wm. Still, executor, was filed in the orphans' court, showing, after the payment of the debts and expenses, a disposition of the estate to Frances E. Still and Caroline V. Anderson.

A petition of C. I. Wilson, guardian of Beulah Watts, a minor above the age of fourteen, was presented to the court, setting forth that the said Catherine Watts left to survive her an adopted daughter, Beulah Watts, and a brother, Peter Still, who are heirs to the estate.

That the said executor, William Still, filed an inventory and an account, and after the payment of three legacies not mentioned in the will, and of which the above named persons were not beneficiaries, he appropriated the balance, according to his account to himself.

The petitioner prayed the court to appoint an auditor to distribute the balance in the hands of the accountant, among the parties legally entitled thereto.

The auditor awarded the remainder of the estate to Peter Still, the brother of testatrix.

Exceptions to the auditor's report were dismissed by the court.

*Errors assigned* were in dismissing exceptions to auditor's report.

*Albert Dutton MacDade*, with him *Joseph H. Taulane* and *Richard P. White*, for appellants.—The donee of a general power of appointment has a right to appoint to whomsoever he pleases, including himself: Lawrence's Estate, 136 Pa. 354; Hinton v. Toye, 1 Atkins, 465; Ingersoll's Est., 15 Pa. C. C. Rep. 19; Beck's App., 116 Pa. 547; Gibbs v. Rumsey, 2 Vesey & Beambes, 293.

*W. Roger Fronefield*, with him *William H. Ridley*, for appellee.—The clause in the will, " I also desire the remainder of my estate to be disposed of in accordance with the judgment and advice of my executor, William Still," gives William Still

a power of sale and not a power of appointment : 1 Sugden on Powers, 107; McCurdy's App., 124 Pa. 99; Bender v. Dietrick, 7 W. & S. 284 ; Stewart's Est., 147 Pa. 383.

Even if the clause in question does not create a power of sale, it cannot be construed into a substitution of the sole judgment and will of the executor for the testatrix's own, either as to methods of disposal or the person to be benefited : McCurdy's App., 124 Pa. 99.

OPINION BY MR. JUSTICE FELL, March 10, 1902:

The testatrix by her will provided for the education of her adopted daughter, and gave her a legacy on condition that she should prove herself worthy of it. The will ended with this clause to which the controversy relates : " I also desire the remainder of my estate to be disposed of in accordance with the judgment and advice of my executor William Still." The auditor found that there was an intestacy as to the remainder, and awarded it to a brother of the testatrix. This finding was confirmed by the orphans' court.

It was not the intention by this clause to create a trust, or to give the executor a power to sell merely, and we see nothing in it but an unlimited and purely arbitrary power of disposition. Without writing in or taking out a word, full effect is given to the clause by regarding it as the substitution of the judgment of the executor for that of the testatrix in the disposal of the estate. The testatrix had an undoubted right to give her estate to such persons as her executor might select. She could have given it to him for life and at his death to such persons as he might appoint. The power is no less valid because not preceded by an estate to him. If she had said, " I give my estate to such persons as my executor shall appoint," or " I give to my executor full power to dispose of my estate in accordance with his discretion," there could be no doubt that a general power of appointment was conferred on the executor. This is in effect what she said in directing the remainder " to be disposed of in accordance with the judgment and advice of my executor." Too close adherence is not to be had to the precise literal meaning of the words of a will, and a construction is to be given which will make it effective rather than destroy it. In Beck's Appeal, 116 Pa. 547, the testator was given " full and unlimited power and

authority to appropriate and dispose of the residue . . . . to such objects, persons, or institutions as in his discretion shall be best and proper." It was held that a valid disposition was made of the residue, and that the executor had power to dispose of it at his discretion. This case cannot be distinguished from that.

The decree of the court confirming the auditor's report is reversed, and it is directed that distribution be made in accordance with this opinion.