did not thereby take any distinct ground that precluded them from this defense in conversion. Everett v. Coffin, 6 Wend. 604, 22 Am. Dec. 551. As the evidence in support of the version of the defendants is not before us, we cannot determine whether it is cogent and convincing, or improbable and flimsy. It may carry conviction despite the other evidence; it may invite incredulity upon its face or upon comparison. That is not the question now up. It suffices that we cannot see that the defendants are not prejudiced by the exclusion. I think that the defendants were entitled to offer it, and that the exclusion requires a reversal of the judgment and the granting of a new trial; costs to abide the event.

Discussion of the other interesting questions raised and argued with ability and ingenuity by both of the learned counsel is therefore unnecessary.

Judgment reversed, and new trial granted; costs to abide the event. All concur.

---

### In re DE WITT'S WILL.

(Supreme Court, Appellate Division, Second Department. June 8, 1906.)

1. WILLS—VALIDITY.

　　Where valid and invalid portions of a will are so interdependent as to constitute one scheme, so that the presumed wishes of the testator will be defeated if one portion is retained and the other portion rejected, the entire will fails.

　　[Ed. Note.—For cases in point, see vol. 49, Cent. Dig. Wills, §§ 992–995.]

2. SAME.

　　A testator provided for the payment of his debts, directed the sale of his realty for the purchase of a cemetery lot, and the removal thereto of his father's family dead, and the purchase of a monument, and for the setting apart by the executor of a fund to produce interest sufficient to provide for the care of the cemetery lot, and provided that the residue should go to the executor as payment for his services. *Held*, that the will constituted a scheme for the purchase of a cemetery lot, the removal of testator's family dead thereto, and the care and maintenance thereof, and, as the provision for the maintenance of the lot was invalid, the whole will was invalid so far, as it related to the disposition of personal property, but so far as it related to the disposition of realty the surrogate was required to admit the will to probate as a valid will.

Appeal from Surrogate's Court, Orange County.

Proceedings for the probate of the will of Harvey N. De Witt, deceased. From a decree of the Surrogate Court admitting the will of deceased to probate, Lillie M. De Witt appeals. Modified and affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, RICH, MILLER and GAYNOR, JJ.

John A. Kemp, for appellant.
John F. Halstead, for respondent.

MILLER, J. A testator, possessed of personal property amounting to $3,800 and real estate of the value of $800, provided by his will:

First, for the payment of his debts; second, for the sale of his real estate by his executor, and for the purchase, from the proceeds of such sale and from his personal estate, of a cemetery lot in a cemetery named, the removal thereto of his "father's family dead," and the purchase and erection of a suitable monument and markers; third, for the setting apart by his executor of a fund to produce interest sufficient to provide for the care of said cemetery lot and graves, said fund to be held in trust in perpetuity; fourth; for the disposition of the residue in the following language:

"Whatever residue or remainder, if any, there may be left of my estate after paying my debts, the expenses incurred in its settlement, and in performing and carrying out the provisions and directions hereinbefore stated and ordered by me, and after paying all costs and charges therefor, I give and bequeath such residue and remainder of my estate to my executor Robert H. Clark as payment for his services as such executor in the settlement of my estate."

The appellant, the sole heir at law and next of kin, objected to the probate of the will, and insisted that its provisions were invalid, and thus the surrogate was required to pass upon its validity to pass personal property. Section 2624, Code Civ. Proc.; Matter of Austin, 35 App. Div. 278, 55 N. Y. Supp. 52. The learned surrogate held that the third clause of the will was void as being an unlawful suspension of the absolute ownership of personal property, and both sides conceded that this determination was correct (see Read v. Williams, 125 N. Y. 560, 26 N. E. 730, 21 Am. St. Rep. 748) ; and the appellant insists that, the third clause failing, the entire will fails, upon the well-settled rule that where valid and invalid portions of a will are so interdependent as to constitute one scheme, so that the presumed wishes of the testator would be defeated if one portion was retained and the other portion was rejected, the entire will fails (Beekman v. Bonsor, 23 N. Y. 298, 311, 80 Am. Dec. 269; Tilden v. Green, 130 N. Y. 29, 50, 28 N. E. 880, 14 L. R. A. 33, 27 Am. St. Rep. 487; Kalish v. Kalish, 166 N. Y. 368–375, 59 N. E. 917). It is plain that the testator intended to provide a single scheme, and it is equally plain that, if the construction contended for by the respondent is to be indulged in, a result will be accomplished which the testator never contemplated. The respondent contends that the portion attempted to be disposed of by the third clause falls into the residuum, under the general rule that a general residuary clause carries all personal property not validly disposed of; but the clause in question is not a general residuary clause. It is clearly so circumscribed as to be confined to the portion of the estate left after carrying out the other provisions and directions of the will. Matter of Benson, 96 N. Y. 499–510, 48 Am. Rep. 646; Kerr v. Dougherty, 79 N. Y. 327. In fact, it is a residue of a residue (Beekman v. Bonsor, supra), and it was plainly the intention of the testator that the executor should only have such sum as was left after carrying out all of the provisions of his will, and this sum was intended rather as a compensation for his services in carrying out such provisions than as a gift; and upon the question whether property ineffectually disposed of by specific legacies falls into the residuum, the intention of the testator is controlling, as upon all other questions respecting the interpreta-

tion of the will (Carter v. Board of Education, 144 N. Y. 621, 39 N. E. 628). It is plain that the residuary clause must fail, within the rule stated in Beekman v. Bonsor, supra, for the reason that it is the the residue of a sum devoted to an invalid prior purpose, the amount of which is uncertain. The respondent, however, contends that such sum is not uncertain, and relies upon proof in the record to the effect that $2 a year would be sufficient to care for the lot and graves. This suggestion, however, emphasizes the point that, if this will is sustained, a result will be accomplished which the testator never thought of, because thereby the executor, the son of the draughtsman of the will, and a stranger in blood to the testator, will be able to get the major portion of the estate, instead of the sum which the testator plainly contemplated should be merely compensation for his services; because, upon the basis of the $2 a year to be expended in the care of the lot, it can easily be inferred how much the executor will spend in carrying out the second provision of the will. The testator's scheme clearly was the devotion of his estate to the purchase of a cemetery lot, the removal of his family dead thereto, and the care and maintenance of such lot; the residuary clause being intended solely to compensate the executor for his services.

The third provision is a necessary part of the scheme, and, this failing, it is plain that a result will be accomplished which the testator never contemplated if the rest is permitted to stand. The surrogate, however, was required to admit the will to probate as a will valid to dispose of real property, as, so far as the disposition of the real property was concerned, his jurisdiction was limited to the question of execution and testamentary capacity. Matter of Merriam, 136 N. Y. 58, 32 N. E. 621.

The decree should be modified to the extent of adjudging the will invalid to dispose of the personal property, and, as thus modified, affirmed, without costs. All concur.