in defendant's name, and that the defendant afterward (at what time does not appear) denied Dannhauser's authority, and that plaintiff's representative stated that they would charge the goods to Dannhauser; and afterwards did make some effort to collect from Dannhauser, and other evidence tending to sustain defendant's contention. There is likewise other evidence tending to sustain the plaintiff's position.

The weight and value of all of this testimony was for the consideration of the court below, and its decision on the facts must be final on the record here presented.

Although evidence of agency that was clearly illegal and bore a material issue in the case was admitted under objection, there is abundant competent evidence in the case to support the judgment, exclusive of the evidence objected to; and the judgment should be affirmed, with costs to the respondent.

---

(68 Misc. Rep. 255.)

### In re PERKINS' WILL.

(Surrogate's Court, Saratoga County. June, 1910.)

1. PERPETUITIES (§ 8*)—TRUSTS (§ 11*)—PERSONAL PROPERTY—PERPETUAL CARE OF CEMETERY LOT.

A will providing for perpetual care of testator's cemetery lot outside the state, and for the lettering of the monument upon it, creates a valid trust of testator's personal estate.

[Ed. Note.—For other cases, see Perpetuities, Cent. Dig. § 64; Dec. Dig. § 8;* Trusts, Cent. Dig. § 9; Dec. Dig. § 11.*]

2. WILLS (§ 610*)—CONSTRUCTION—ESTATES CREATED—ABSOLUTE INTEREST IN RESIDUE OF PERSONALTY.

A will provided that the remainder of testator's personalty be disposed of by two persons named therein, "as they think best we having advised with them thereof, and left the disposal of any residue of our estate to their judgment as may seem best to them at that time," without further direction to the legatees as to the disposition to be made of the estate by them, either secretly or by the will, passed the residue of the personalty to the legatees absolutely under Real Property Law (Consol. Laws, c. 50) § 136, providing that a general or special power is beneficial where no person other than the grantee has under the terms of its creation any interest in its execution, and section 150, providing that, where an absolute power of disposition not accompanied by a trust is given to a person to whom no particular estate is limited, such person also takes a fee subject to any future estate that may be limited thereon, but absolute in respect to creditors, purchasers, and incumbrancers.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1379–1385; Dec. Dig. § 610.*]

Proceedings for probate of the will of James G. Perkins. Will construed.

Irwin Esmond, for petitioner.

Chambers & Finn, for James H. Perkins, nephew of deceased, contestant.

William Rooney, special guardian, for Elizabeth Lincoln, grandniece.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

OSTRANDER, S. The instrument offered for probate is in the following words:

"The last Will and Testament of Rev. James G. Perkins and of his wife. Louisa D. Perkins, of Round Lake, N. Y. made and signed on August 17th, 1906.

"Sec. 1. Know all men by this writing that we, Rev. James G. Perkins and his wife Mrs. Louisa D. Perkins of Round Lake, Saratoga County, New York, make this our last Will and Testament revoking all others.

"First: After all my just debts and funeral expenses are paid, our monument in Washington Street Cemetery in Fair Haven, Vermont, is properly lettered and perpetual care of the lot in the above named cemetery is secured; then the remainder of our personal and real estate and belongings are to be disposed of by Misses Augusta C. Capron and Lillian Capron of the City of Albany, N. Y., as they think best, we having advised with them thereof, and left the disposal of any residue of our estate to their judgment as may seem best to them at that time.

"Sec. 2: We appoint Miss Augusta C. Capron and Miss Lillian Capron of the City of Albany, N. Y., as the executrices of this our last Will and Testament.

"Sec. 3: In testimony whereof we have subscribed our names on this Seventeenth day of August in the year of our Lord, 1906, in the presence of the following witnesses.　　　　　　　　　　　James G. Perkins,
　　　　　　　　　　　　　　　　　　　　　　　　　"Louisa D. Perkins.

"Witnesses: We, Rev. Jacob M. Appleman and Libbie C. Appleman witnessed the signing of the above names of Rev. James G. Perkins and Louisa D. Perkins, they declaring the foregoing to be their last Will and Testament.
　　"Jacob M. Appleman, ⎫ *Witnesses.*
　　"Libbie C. Appleman, ⎭

"Sec. 4th: Further I, Rev. James G. Perkins, confirming all of the conditions of the foregoing joint will of myself and of my wife Louisa D. Perkins, do will and declare, that if I should die before my wife Louisa D. Perkins, that she shall be possessed of all my real and personal estate without probate during her natural life.　　　　　　[Signed] James G. Perkins.

"Witnesses: We, Rev. Jacob M. Appleman and Libbie C. Appleman witnessed the signing of the above name of Rev. James G. Perkins, he declaring the same to be a part of his last will and testament.
　　"Jacob M. Appleman, ⎫ *Witnesses.*"
　　"Libbie C. Appleman, ⎭

There is practically no contention against the testamentary capacity of the deceased, nor as to the due execution of the will, but construction of the instrument is asked upon the probate.

Under the decisions in Matter of De Witt, 113 App. Div. 790–793, 99 N. Y. Supp. 415, and Matter of Merriam, 136 N. Y. 58, 32 N. E. 621, the will must be admitted to probate as a will valid to dispose of real property, regardless of the construction which is to be given to its provisions, as the surrogate has no jurisdiction to construe it so far as the disposition of the real property is concerned.

It is contended by contestants that the provisions of the will in reference to the lettering of the monument and the perpetual care of the lot of the deceased in the cemetery at Fair Haven, Vt., are invalid, because the implied trust is to be administered without the state of New York, and for the reason that the trust provides for the improvement of a cemetery lot in perpetuity. But, under the provisions of sections 113 and 114 of the real property law (Consol. Laws, c. 50), a trust for the purpose of lettering the monument and the perpetual care of the lot is not invalid, if the same were to be administered within

this state. And as the trust operates upon personal property in this state, to be expended for the purposes mentioned without the state, I think, in accordance with the opinion of Judge Houghton in Catt v. Catt, 118 App. Div. 742, 103 N. Y. Supp. 740, that the provisions of the instrument in question created a valid trust as to the part of the personalty necessary to provide for the lettering of the monument and the care of the lot. This trust can be administered by the Supreme Court.

As to the provision of the will that the remainder of the real and personal estate be disposed of by the Misses Capron "as they think best, we having advised with them thereof, and left the disposal of any residue of our estate to their judgment as may seem best to them at that time," it is contended that there is a secret trust imposed by these words upon the property thus mentioned, and that such trust is void for uncertainty, since no beneficiary is designated. And the contestants cite Gross v. Moore, 68 Hun, 412, 22 N. Y. Supp. 1019, affirmed 141 N. Y. 559, 36 N. E. 343; Tilden v. Greene, 130 N. Y. 29, 28 N. E. 880, 14 L. R. A. 33, 27 Am. St. Rep. 487.

In all these cases there was a direction to the legatee as to the disposition to be made of the estate, either secretly or by the terms of the instrument.

In the case at bar there is no direction given, and it is expressly provided that the property shall be disposed of by the legatees as they see fit. This language seems to bring the case within the provisions of section 136 and section 150 of the real property law, which provide that:

"A general or special power is beneficial where no person other than the grantee has, by the terms of its creation, any interest in its execution." Section 136.

"Where a like power of disposition is given to a person to whom no particular estate is limited, such person also takes a fee, subject to any future estates that may be limited thereon, but absolute in respect to creditors, purchasers and incumbrancers." Section 150.

Under the provisions of section 11 of the personal property law (Consol. Laws, c. 41) as a similar enactment was construed by the Court of Appeals in Cutting v. Cutting, 86 N. Y. 522, the same rule applies to a bequest of a power affecting personal property as to one affecting real estate.

I therefore conclude that the instrument in question passed an absolute title to the remainder and residue of the personal property to the Misses Capron, subject to the life estate of the widow, Louisa D. Perkins, and that the instrument in question is a will valid to pass the personal property of the deceased for the purposes therein mentioned.

Let findings and decree be prepared accordingly.

Decreed accordingly.