HILL v. FISKE et al.

(Supreme Court. Special Term, Kings County. November 17, 1910.)

WILLS (§ 610*)—RESIDUARY CLAUSE—DISPOSITION IN DISCRETION OF EXECUTOR.
    The residuary clause in a will, stating that the balance of the estate is to be distributed by the executor in his discretion, conferred an absolute power of disposition in the person named as executor, by which an absolute title passed to him individually; the disposition being "wholly discretionary," and not annexed to the office of executor.

    [Ed. Note.—For other cases, see Wills, Cent. Dig. § 1382; Dec. Dig. § 610.*]

Action by Columbia H. Hill against Sarah J. R. Fiske, executrix, and others. On motion to dismiss defendant's counterclaim. Motion denied.

Action to enforce specific performance of an agreement alleged to have been made by one Mary A. Sewell in her lifetime to leave all her property to the plaintiff, and also for services alleged to have been rendered by the plaintiff to the said Mary A. Sewell. All the defendants, other than the administrator of the said Mary A. Sewell, are persons alleged to claim some interest in her property or estate. The defendant Sarah J. R. Fiske, as executrix of Thomas S. Ryder, interposed an answer, containing a counterclaim, whereby she claimed to be entitled to the whole residuary estate of Mary A. Sewell, under the latter's will, and her answer was served on the other defendants. The Attor-

---

ney General of New York claimed that the state was entitled to the residuary estate of Mary A. Sewell, who left no known heirs or next of kin, on the ground that the residuary clause in her will was invalid. At the opening of the trial, the Attorney General moved to dismiss the counterclaim in the answer of the defendant Sarah J. R. Fiske, as executrix of Thomas S. Ryder, as insufficient in law. Pending the decision of this motion, the trial was suspended. Further facts appear in the opinion.

Elon S. Hobbs, for plaintiff.

Robert P. Beyer, Deputy Atty. Gen., for the People.

Arnon L. Squiers (George I. Woolley, of counsel), for defendant Fiske.

PUTNAM, J. This action was brought by plaintiff for the specific performance of an alleged contract made by one Mary A. Sewell to leave to the plaintiff all her property, and also on a claim for services alleged to have been rendered by the plaintiff to the said Mary A. Sewell in the latter's lifetime. The will of Mary A. Sewell, dated March 13, 1905, after devising certain specific articles of jewelry, personal ornaments, and wearing apparel, and directing the executor to purchase a suitable burial plot and monument, contained this provision:

"The balance of my estate to be distributed by executor in his discretion or as may be hereafter mentioned in codicils or written additions to this will."

The will then named Thomas S. Ryder as executor. Mrs. Sewell died March 9, 1906, having made no "codicils or written additions to this will," and leaving no known next of kin. The will was admitted to probate about May 11, 1906. Dr. Ryder renounced as executor, and letters of administration with the will annexed where thereupon issued to another. Dr. Ryder died June 25, 1906, and his executrix now asserts, by a counterclaim in the above action, to be entitled to the entire residuary estate of Mrs. Sewell by virtue of the above residuary clause in her will. The Attorney General, in behalf of the people, has moved to dismiss the counterclaim, on the ground that no beneficial power was created by this residuary clause, that said power never vested because of the executor's renunciation, and that accordingly the residue of this personal estate escheated to the people.

As Mrs. Sewell never made any codicils or written additions to her will, or in any way limited the exercise of discretion by her executor in the distribution of her residuary estate, the clause has the same legal effect as if it read:

"The balance of my estate to be distributed by executor in his discretion."

Such a clause confers an absolute power of disposition, a general and beneficial power with respect to the residuary estate, by which an absolute title passed. Matter of Moehring, 154 N. Y. 423, 48 N. E. 818; Matter of Perkins, 68 Misc. Rep. 255, 124 N. Y. Supp. 998; Laws 1896, c. 547, § 111 et seq., Laws 1897, c. 417, § 2. There was a different residuary clause in Gross v. Moore, 68 Hun, 412, 22 N. Y. Supp. 1019, affirmed 141 N. Y. 559, 36 N. E. 343, where the residue of the personal estate was bequeathed to the executor, "to be distrib-

uted by him according to instructions given to him by me," thereby vesting neither the absolute power of disposition nor the beneficial interest.

The fact that Dr. Ryder renounced as executor does not take the case out of the rule, because the power of disposition, being wholly discretionary, was not annexed to the office of executor, but was given to him as a person, and he might accept and execute it, although he failed to qualify as executor. Dunning v. Ocean Nat. Bank, 61 N. Y. 497, at page 502, 19 Am. Rep. 293. Nor is the rule inapplicable because the residuary clause did not designate the donee of such discretionary power by name. Kinnier v. Rogers, 42 N. Y. 531. Dr. Ryder, therefore, took as an individual, and as such had the absolute power of distribution of the residuary estate. He could have given it to any one to whom he saw fit, including himself. As was said in the Amherst College Case, 151 N. Y. 282, at page 323, 45 N. E. 876, at page 887, 37 L. R. A. 305:

"If * * * the matter is left wholly to his will and discretion, no secret trust is created, and he may, if he chooses, apply the legacy to his own use. When it clearly appears that no trust was intended, even if it is equally clear that the testator expected that the gift would be applied in accordance with his own wishes, the legatee, if he has made no promise, and none has been made in his behalf, takes an absolute title, and can do what he pleases with the gift."

The fact that Dr. Ryder, as executor, made no distribution of the estate, leaves the same to vest by operation of law, by which absolute ownership thereof came to him.

The motion to dismiss the counterclaim is denied.