LEROY HARVEY, Executor of the Last Will and
Testament of Annie Harvey Griggs, deceased,

*vs.*

ALBERT C. GRIGGS, ELIZABETH H. GAUSE, WILLIAM
HARVEY and LEROY HARVEY.

*New Castle, Sep.* 24, 1920.

A direction to executor to divide and distribute an estate does not create
a trust, if there be no indication at all as to who the beneficiaries are to be,
or as to the purpose to be accomplished, especially where there is a direction
to divide and distribute an estate according to the judgment of the persons
to whom the direction is given.

A trust is not created where a clear direction or choice is given to act or
not to act, especially where the prior dispositions import an absolute or un-
controllable ownership.

A will, directing named persons to divide and distribute according to their
best judgment, *held* not to create a trust; no beneficial interest being stated
or object or purposes designated.

Where will directed named persons to divide and distribute residue ac-
cording to their best judgment, named persons took such residue uncondi-
tionally and absolutely.

BILL FOR CONSTRUCTION OF WILL. The cause was heard on
bill and answer, and the facts sufficiently appear in the opinion
of the Chancellor.

*Robert H. Richards*, for complainant.

*John W. Huxley, Jr.*, for Albert C. Griggs.

*James I. Boyce*, for Elizabeth H. Gause, William Harvey, and
Leroy Harvey.

THE CHANCELLOR. The bill is for the construction of the
residuary clause of the will of Annie Harvey Griggs, wife of Albert
C. Griggs, which is as follows:

"All the rest, residue and remainder of my estate, both real, personal
or mixed, of which I shall be possessed or to which I may be entitled at the
time of my decease, I direct my executor hereinafter named, and my sister
Mrs. Elizabeth H. Gause to divide and distribute according to their best
judgment."

Her husband survived her and she left no children, or other issue, and her next of kin are a sister and brother and a nephew, the issue of a deceased brother. The executor asked for instructions as to the distribution of the residuary balance in his hands. All persons in interest were made parties, and were represented by counsel at the argument. It was conceded at the argument that the allegation in the bill as to the desertion of the testatrix by her husband had no bearing on the construction of the will. It was contended by the husband, that the residuary clause created a trust void for uncertainty, because beneficiaries were not named, and, therefore, that there is a resulting trust in favor of those entitled under the laws of Delaware applicable to the property of persons dying intestate; and it was contended by the next of kin that there is no trust, expressed or implied, but a general power of appointment unlimited and unconditional, which amounts to an absolute gift of the residue to the executor named in the will and Mrs. Elizabeth H. Gause, the sister of the testatrix.

By the statute, in case a married woman dies intestate and leaves no children, nor descendants of such living, her husband is entitled to her personal estate absolutely. See chapter 98, § 49, par. 3382, Revised Code of 1915, p. 1555. If, therefore, the residuary clause is void and the testatrix died intestate as to a portion of her estate, her husband would be entitled to all the personal property not disposed of.

The will directs the executor and another "to divide and distribute according to their best judgment" the residue of the estate of the testatrix, which residue is a sum of money in the hands of the executor.

A direction to divide and distribute an estate does not create a trust, if there be no indication at all as to who the beneficiaries are to be, or as to the purpose to be accomplished.

This is certainly true where there is a direction to divide and distribute an estate according to the judgment of the persons to whom the direction is given. The word "trust" is not used. Neither are there words implying a request, recommendation, confidence or hope that the two persons named will apply the property for some specified object, person, or persons, or class of objects or persons, or any other language showing definitely, or by reason-

able inference, that the estate was to be used for the benefit of any person other than the two individuals named in the residuary clause. No trust is created unless some beneficial interest is stated, or some object or purpose be designated.

In *Hill v. Fiske*, 69 *Misc. Rep.* 507, 125 *N. Y. Supp.* 1026, the duty imposed on the executor to distribute the estate in his discretion was found to be an absolute gift. A direction to one to dispose of the estate "as she sees fit" was held to be an absolute gift, and not an ineffective trust in the case of *Tinsley's Will*, (*Iowa*) 174 *N. W.* 4. No special significance was given to the use of the word "judgment" in similar provisions of wills construed in *Watt's Estate*, 202 *Pa.* 85, 51 *Atl.* 588, and *Beck's Appeal*, 116 *Pa.* 547, 9 *Atl.* 942.

A leading case directly in point is *Gibbs v. Rumsey*, 2 *V. & B.* 294, 35 *Eng. Reprint*, 331. There there was a gift of the residuary estate unto executors "to be disposed of unto such person and persons and in such manner and form and in such sum or sums of money as they in their discretion shall think proper and expedient." This was determined to be not a trust but a gift of an absolute interest to the persons named as executors. The Master of the Rolls said:

"I see nothing here but a purely arbitrary power of disposition according to a discretion which no court can either direct or control. It is not to be contended, that, if the words were 'to be disposed of according to their discretion,' that would have qualified the preceding gift; then the effect must be produced, if at all, by the interposed words, 'to such person or persons, and in such manner and form, and in such sum and sums of money'; but those are words perpetually occurring in general powers of appointment, and it was never conceived, that such words, instead of conferring a power, raised a trust. If that were so, there would be no such thing as good general powers of appointment. They would be all void trusts; for if trusts at all, they must be void from the uncertainty of the objects. * * *

"It is said the testatrix meant the executors to give this property to somebody and not to enjoy it themselves; but that might be said in every case of a bequest to give to objects not distinctly specified and in every case of a general power of appointment."

The direction to an executor to divide and distribute according to his best judgment does not create a trust based solely on the fact that the direction was to an executor *eo nomine*. *Paice v.*

*Archbishop of Canterbury*, 14 *Ves. Jr.* 364, 33 *English Reprint*, 560, where the bequest was to executors for such purposes as they shall "in their discretion think fit." Much less is a trust created when the direction is given to an executor and another person. To the same effect is *Hill v. Fiske*, 69 *Misc..Rep.* 507, 125 *N. Y. Supp.* 1026. Furthermore, a trust is not created where a clear direction or choice is given to act or not to act, especially where the prior dispositions import an absolute or uncontrollable ownership.

There being, then, no trust, the residue is given absolutely to the person who was named as executor and to Elizabeth H. Gause. They were given an unqualified power to dispose of the property constituting the residuary estate and the conferring of such power is an absolute gift. *Rona v. Meier*, 47 *Iowa*, 607, 29 *Am. Rep.* 493; *Manson v. Jack*, (*N. J. Chancery*) 62 *Atl.* 394, in which case the residue was left "to my executor to be disposed of as he shall think expedient"; *Ralston v. Telfair*, 17 *N. C.* 255, in which case the executors were given a right to dispose of the remainder as they "think proper or fit"; *Benz v. Fabian, et al.*, 54 *N. J. Eq.* 615, 35 *Atl.* 760, where property was given to a wife to be used, occupied or disposed of by her as she should think proper, followed by a direction that if she "should continue in the use, occupation and ownership of the said" property until her death it should then go to children of the testator.

In *Cheney v. Plumb*, 79 *Wis.* 602, 48 *N. W.* 669, the testator said:

"I want John R. Cheney and his wife to pay all my debts and collect my dues, and dispose of my things as they think best"

—and it was found to be an absolute gift. In the case of *Tinsley's Will*, (*Iowa*) 174 *N. W.* 4, the testator directed his aunt to take charge of his estate "for disposal as she sees fit."

The case of *Bryan v. Milby*, 6 *Del. Ch.* 208, 24 *Atl.* 333, 13 *L. R. A.* 563, is not helpful here, except that Chancellor Saulsbury deprecated the extension of the practice which from words of doubtful meaning deduces or implies a trust. There does not seem to be any other judicial decision in Delaware bearing on the question here raised.

In the case of *Monaghan v. Joyce, ante p.* 28, 103 *Atl.* 582, this

Court in 1918, being constrained to do so by prior declarations made by the Court of Errors and Appeals of this State, sustained as a valid charitable trust a testamentary gift of the residue of an estate to a named individual, or his successor in an ecclesiastical office "to be applied to such charitable purposes of the Diocese of Wilmington, Del., as he may deem fitting." But that case is obviously distinguishable from the case under consideration.

There is not in the will of Annie Harvey Griggs, considering it as a whole, any indication of an intention to create a trust, limit the *jus disponendi* of the executor and the testator's sister Elizabeth, or benefit any other person than them.

The conclusion is that the whole of the residuary estate belongs to Leroy C. Harvey and Elizabeth H. Gause absolutely and unconditionally.

Let a decree be entered accordingly.