## Dormer's Estate

Before Van Dusen, P. J., Sinkler, Klein, Bolger, and Ladner, JJ.

690

694

VAN DUSEN, P. J., January 29, 1943.—Testator gave the residue of his estate as follows:

"All the rest, residue and remainder of my estate, I give, devise and bequeath to my Executors, William M. Kitzmiller and Philip Stroebele, absolutely for such disposition as they in their own free judgment may deem proper."

Mr. Kitzmiller qualified as executor, but died without having agreed upon any distribution with his co-executor. Mr. Stroebele thereafter made a designation of certain individuals and charities to receive the property.

The auditing judge held that this was not a gift to Messrs. Kitzmiller and Stroebele, but was a power of disposal. He also held that the power was joint in the

two executors, and did not survive to Mr. Stroebele. He awarded the fund to the next of kin.

Exceptions filed by the beneficiaries under Mr. Stroebele's appointment were withdrawn. Exceptions filed by Mr. Kitzmiller's executor are before us. It was explained to the court that the executor as a fiduciary felt bound to make claim for one half of the residue, lest the United States make claim for tax if there was no adverse adjudication.

If the residuary clause of the will creates a trust, it fails because of indefiniteness. If it creates a power of appointment, that power was not exercised in favor of claimant. In either case, the next of kin will take.

Claimant maintains that the residuary clause makes an absolute gift, and he cites section 125 of the A. L. I. Restatement of Trusts as follows:

"If property is transferred to a person to be disposed of by him in any manner or to any person he may select, no trust is created and the transferee takes the property for his own benefit."

The next of kin cite section 323, comment *e*, of the A. L. I. Restatement of Property, as follows:

"e. *Testamentary Gifts to Executors 'to Distribute'.* Occasionally a testator provides that certain property shall pass to his executors and adds 'to be distributed by them as they deem advisable' or 'to be disposed of as they think will be in accordance with my wishes' or some similar clause. Such a clause may have one of several legal effects. (1) If, as a matter of construction, it is determined that the testator intended the executors to benefit personally from the gift, such a clause may be held (a) to be an outright gift to the executors, or (b) to create in the executors a general power of appointment presently exercisable. The former holding is rarely justified since it necessarily treats as surplusage the words of the will which provide for distribution and hence violates the canon of

construction that all words of a will are to be given effect if possible. (2) If, as a matter of construction, it is determined that the testator did not intend the executors to benefit personally from the gift, such a clause is an attempted trust for indefinite beneficiaries and hence void (see Restatement of Trusts, §122). Conceivably such a clause could be held to create a power to appoint the property to any persons other than the executors; but it is on the whole preferable to allow the property to pass as part of the residue or by intestacy rather than to attempt to carry out a highly doubtful testamentary intent by any such unusual device."

The statement from the Law of Trusts seems to start from the presumption that a power of disposal added to a gift is surplusage. The statement from the Law of Property seems to start from the presumption that the power of disposal is intended to have a meaning and effect. The problem in the end is one of construction, as the Restatement recognizes, and a great deal depends upon the words and circumstances of the particular case. These two statements of the law look different ways, and it is difficult to reconcile them. The proper starting point seems to us to be in the presumption that all the words are intended to have some effect. It follows that a power of disposal is created. Whether that power may be exercised for the benefit of the appointor himself is another question; but at least it must be so exercised to give him title.

The cases are collected and commented upon in a note in 104 A. L. R. 114, and the weight of authority there cited supports the following conclusions of the author (pp. 115, 118):

"A bequest or devise of property to an executor is presumed to be made to him in his official capacity, or in trust; and in order to justify a court in reaching a conclusion that it is given to him personally, there must

be language in the will which clearly expresses such an intent."

"The words 'to be distributed,' or words of similar import, in a gift to an executor, are sometimes held to imply a trust, and negative an intention that the executor take the gift personally."

In the case before us the donees are referred to as executors, and they are given an express power of disposal. We find nothing in the will to overcome the inference that what was intended was not a gift to the donees, but the creation of a duty and power which have no effect unless they exercised them.

The question does not arise in this case whether the appointors could have appointed to themselves, as no such appointment was made.

Certain Pennsylvania cases are pressed upon us by the exceptant. In Beck's Appeal, 116 Pa. 547, there was a bequest to an executor with a broad power of disposal. The executor appointed to himself and this was sustained. But the case does not determine what would have happened if he had not appointed to himself.

In Watts' Estate, 202 Pa. 85, there was a bequest to an executor with a broad power of disposal. The executor appointed to his own children and this was sustained. (An examination of the record in the paper books shows that the executor first appointed to himself, but when the validity of this appointment was questioned he appointed to his children. The award of the Supreme Court was to his children.)

Wilbur's Estate, 334 Pa. 45, is explained by the exceptant in his brief, page 27, as a case of a power which the appointor exercised in favor of his creditor by executing an assignment to the creditor. If this is the correct interpretation of the opinion, the case is one in which the appointor exercised the power for the benefit of a third person, but in relief of his own obligation;

and it is not a decision as to what would have been the result if there had been no exercise of the power.

Evidence was received without objection as to declarations made by testator at the time he made his will, and declarations made by Mr. Kitzmiller after testator's death. The declarations do not aid exceptant, and we prefer to dispose of the case without reference to them.

The exceptions are dismissed and the adjudication is confirmed absolutely.