**Henwood Trust**

*Cody H. Brooks*, for accountant.

*Philip V. Mattes* and *James Rutherford*, for claimants.

SIROTNAK, P.J., MARCH 3, 1961.— . . . This controversy is over the interpretation of the following paragraph of testator's will:

"Third. . . . And after the death of such surviving beneficiary the income shall be paid by the said trustee to a Henwood Memorial or charity to be determined upon and established in the Borough of Honesdale, Pennsylvania, by my brothers and myself, and in case of my death before my brothers I leave the designation thereof for them to determine."

At the outset, the court rejects the argument of counsel for the Glen Dyberry Cemetery that the Act of May 3, 1855, P. L. 415, sec. 2, 20 PS §2792, which provides for a survivor trustee or donee of a power to exercise the given power, is applicable to the situation. The cited case of The Philadelphia and Reading Rail Road Co. v. The Lehigh Coal and Navigation Co., 36 Pa. 204, is readily distinguishable by the facts. That case held that, in case of the death of one of several trustees, a power of sale under the Act of 1855 supra is well exercised. We are not here concerned with a power of sale, but rather a power of disposal. The Act of 1855, supra, does not come to the court's relief on

the subject of difficulty. As the court said in Dormer's Estate, 46 D. & C. 687, at page 693 (affirmed on appeal, per curiam, 348 Pa. 356), where it dealt with the question of whether the power to dispose of the residue given originally to the two executors nominatim could be effectually exercised by the survivor:

"So also acts of assembly such as section 28(d) of the Fiduciaries Act of June 7, 1917, P. L. 447, as amended May 11, 1939, P. L. 120, 20' PS §714, conferring on surviving executors and trustees full power and authority to execute the power and duties as fully and as amply as if all the executors or trustees who renounced, resigned, or died, had joined therein, have uniformly been held to mean only such duties and powers as are incident to and connected with the administration of the estate: Dunn's Estate, 13 Phila. 395, affirmed on appeal, 10 W.N.C. 313; Solomon's Trust Estate, 332 Pa. 462."

Testator's language which actually gives rise to the present controversy is: ". . . and in case of my death before my brothers I leave the designation thereof for them to determine." The language is unmistakably clear and the words are simple and plain.

If Walter L. Henwood, a brother of testator and survivor donee of the power, had not executed his writing of designation of June 3, 1915, we would say that the residue must be distributed under the intestate laws to testator's next of kin. Did Walter L. Henwood, surviving brother, single-handedly have the power of disposal of the residue? Do testator's words provide for it? Obviously, they do not. The disputed paragraph cannot be recast to read:

". . . for them, *or the survivor of them,* to determine."

There is a bequest here in a residuary clause called a "power of disposal": Beck's Appeal, 116 Pa. 547; Watts's Estate, 202 Pa. 85; Wilbur's Estate, 334 Pa. 45. The court, in Dormer's Estate, supra, made learned

and exhaustive comment on the subject. At page 692, Judge Ladner, auditing judge, said:

"A general power of disposal, such as in this case, is in reality a species of a power of appointment and the reason for distinguishing it from a power of sale is well put in the comment to subsection (2) of section 318 of the A. L. I. Restatement of Property in the following words:

'The essence of a power of appointment is that it gives to the donee the power to cause some person (the taker in default) to receive less and another (the appointee) more. It is dispositive in its nature. A power of sale merely permits the donee to substitute money for the property sold, but does not permit him to alter the disposition of the substituted value. Such a power is administrative in its nature. It is not a power of appointment.' . . .

What then is the rule relating to powers of disposal? When such power is given to two named individuals, the common-law authorities were clear that the power to appoint must be jointly exercised. From its very nature it could not survive, for, as said by Lord Justice Farwell in his excellent work on Powers (3rd ed.), at p. 514:

" '. . . if a man says he will trust two, the law will not say he shall trust one; it is a joint confidence. It will be otherwise if the power be limited to the survivor; that is saying that he will trust two as long as they live, and afterwards one of them.' "

See also Dunn's Estate, 13 Phila. 395, affirmed on appeal, 10 W.N.C. 313, and Solomon's Trust Estate, 332 Pa. 462.

It is significant that the testator did not in his lifetime offer to designate the Henwood memorial or charity, which he could have done merely by a new will or codicil, especially after the demise of his brother William, who was a donee of the power of disposal.

Walter L. Henwood could not act alone to exercise the power given to him and his brother jointly.

It is the opinion of the court, and we do so hold, that Walter L. Henwood's written designation of June 3, 1915, was not a valid exercise of the power of disposal of the residue given by testator to the two brothers jointly, and such power could only be exercised jointly. An intestacy, therefore, results and the residue must be distributed, under the intestate laws, to testator's next of kin, viz: Jack Turvey Breese and Richard Henwood Breese, and an award will be so made . . .